### APPEAL OF MAX S. ROSENTHAL.

Docket No. 3405.    Submitted October 17, 1925.    Decided April 20, 1926.

*Chester A. Bennett, Esq.*, for the taxpayer.
*L. C. Mitchell, Esq.*, for the Commissioner.

Before RUSSELL and GREEN.

The taxpayer appeals from determinations of deficiencies in income tax as follows:

| | |
|---|---|
| For the year 1918 | $2,675.30 |
| For the year 1919 | 474.21 |
| For the year 1920 | 539.88 |

He claims that the Commissioner, in using his record of bank deposits and withdrawals in estimating his gross and net income, erred in failing to exclude from the deposits various items which did not represent taxable income.

#### FINDINGS OF FACT.

The taxpayer is a resident of the District of Columbia. During the year 1918 he operated three small stores, dealing in men's furnishings. During 1919 he disposed of two of these stores and continued in business at 913 Seventh Street, N.W., Washington, where he carried and sold ladies' furnishings, wearing apparel, and millinery. During those years he kept some crude records of business in what he calls a journal book, a daily book, and an ordinary ledger in which he entered items of merchandise purchased and amounts paid therefor. Once or twice each week he made deposits in his bank of moneys received from sales and other sources, and sometimes made memoranda on the stubs of checks drawn against such deposits of the purpose for which the check was drawn.

For the calendar year 1918 he made an income-tax return on Form 1040, in which he reported gross income from business $114,983; that his merchandise purchases cost $95,775; that other business expenses aggregated $15,378, leaving a net income from business of $3,830, and net income from rents of $285. For the year 1919 he made a similar income-tax return, in which he showed a gross income from business $66,302; merchandise purchased at a cost of $55,252; a gain in inventory of $600, and business expenses aggregating $7,852, leaving a net income from business of $3,798, and a net income from rents of $377. For the year 1920 he made a similar income-tax return, in which he showed gross receipts from business $28,768; merchandise purchased $22,895; other business expenses $4,288, leaving a net income from businesss of $1,585 and a net income from rents of $1,013. For these years he paid income taxes in the amount of $84.90, $71, and $11.92, respectively.

In August, 1923, one of the Commissioner's field agents undertook to verify this taxpayer's return for the years here in question. The field agent made an examination of all the accounting records and bank check stubs which the taxpayer was then able to produce, such examination being made at the taxpayer's place of business and in frequent consultation and conference with him. As a result of this investigation, after eliminating from the bank deposits all items which could be identified as not being receipts from business or other income, and eliminating from check withdrawals all items which could be identified as being for other than business expenses or purchases, the agent found results which may be tabulated as follows:

| Year. | Moneys received from merchandise sales deposited in bank. | Moneys paid for merchandise purchased. | Gross merchandise profits. |
|---|---|---|---|
| 1918 | $104,336.68 | $81,019.18 | $25,317.50 |
| 1919 | 68,898.22 | 55,032.52 | 13,863.75 |
| 1920 | 32,925.84 | 20,277.18 | 12,648.66 |

He was able to and did identify from the check stubs and segregate business expense disbursements and contributions as follows:

| | 1918. | 1919. | 1920. |
|---|---|---|---|
| Rent | $2,760.00 | $1,735.00 | $1,440.00 |
| Miscellaneous | 863.60 | 1,571.54 | 650.35 |
| Supplies | 265.75 | 98.63 | |
| Taxes | 288.96 | 245.89 | 369.39 |
| Charitable contributions | 290.55 | | |
| | 4,468.86 | 3,651.06 | 2,469.74 |

Upon this basis the field agent reported net taxable income for the year 1918 in the amount of $20,848.61; for the year 1919, $9,883.69; and for the year 1920, $9,798.17.

An examination of the check stubs failed to show any checks drawn in favor of employees of the store. It was, therefore, found that these items of business expense were paid in cash before merchandise receipts were banked. The check stubs show sums withdrawn from bank for taxpayer's personal expenses:

| | |
|---|---|
| 1918 | $1, 536. 10 |
| 1919 | 3, 876. 89 |
| 1920 | 4, 347. 82 |

The total of these personal expenses for the year 1918 being so much less than the totals for the years 1919 and 1920, the sum of $2,000 was arbitrarily added to the above figures for bank deposits for the year 1918 as representing personal expenses taken out of cash by the taxpayer before merchandise receipts were deposited. The Commissioner adopted these results.

At various times during the years 1918, 1919, and 1920, the taxpayer received moneys, from his mother's estate, in payment of loans previously made, or placed in his hands by other persons for specific purposes. Throughout these years he was treasurer of Hebrew educational or charitable organizations or committees, and received moneys collected for the uses of such organizations or committees. The amounts of such funds or moneys are not definitely shown by the testimony. All or part of the money or funds so received the taxpayer mingled with moneys received from his business or with his business bank deposits. So much of such funds as can be identified by taxpayer's books and check stubs, both as to receipts and withdrawals, have been eliminated from the above tabulated statement. Any receipts of such funds which can not be identified remain as part of the gross receipts of business, and such withdrawals or disbursements of such funds as can not be identified are included in the amount shown as business payments or are disbursements of cash prior to the banking of the cash receipts of the business.

The taxpayer's net income for the years here under consideration is found to be as follows:

| | |
|---|---|
| 1918 | $20, 848. 61 |
| 1919 | 9, 883. 69 |
| 1920 | 9, 798. 17 |

There appears to be a mathematical error in the computation of tax liability for one of said years. A Rule 50 decision is, therefore, directed.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*